| | |
|---|---|
| CANDACE MORRIS on her own behalf and on behalf of other similarly situated persons,<br><br>*Plaintiff,*<br>v.<br><br><br>MCCORMICK & SCHMICK RESTAURANT CORP.<br><br>*Registered Agent:*<br>CT Corporation System<br>120 South Central Avenue<br>Clayton, MO 63105<br><br>and<br><br>LANDRY'S, INC.,<br><br>*Registered Agent:*<br>Steven L. Scheinthal<br>1510 West Loop South<br>Houston, TX 77027<br><br>*Defendants.* | Case No.:<br><br><br><br>**CLASS ACTION**<br>**COLLECTIVE ACTION** |

## COMPLAINT

**COMES NOW,** Candace Morris ("Plaintiff"), on behalf of herself, and all others similarly situated, by and through counsel, and for her Complaint against McCormick & Schmick Restaurant Corp. ("McCormick") and Landry's, Inc. ("Landry's") (collectively, "Defendants"), hereby states and alleges as follows:

1

## PRELIMINARY STATEMENT

1. Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendants for unpaid minimum wages, and related penalties and damages.

2. Defendants' policy and practice is to deny proper minimum wages to servers working at their restaurants. Defendants' failure to properly pay employees their earned wages violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

3. Plaintiff currently works as a server for Defendants' place of business in Kansas City, Missouri since approximately March 2017. This lawsuit is brought as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

5. This Court has personal jurisdiction because Defendants have been conducting business in Jackson County, Missouri, and Plaintiff was an employee, working for Defendants, within this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants conduct business, and have substantial business contacts in Jackson County, Missouri, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

7. Plaintiff is a resident of the State of Kansas, Johnson County.

8. At all relevant times, Plaintiff was employed as a server for Defendants.

9. At all times relevant to this action, Plaintiff worked at Defendants' place of business, located at 448 West 47th Street, Kansas City, MO 64112.

10. McCormick is a foreign corporation organized under the laws of Texas, with its principal place of business located in the State of Texas, and locations in Missouri and across the nation.

11. Landry's is a foreign corporation organized under the laws of Texas, with its principal place of business located in the State of Texas, and locations in Missouri and across the nation.

12. At all times relevant to this action, McCormick operated restaurants in the McCormick & Schmick's family, including but not limited to McCormick & Schmick's, McCormick & Kuleto's, McCormick's, M&S Grill, Jakes Grill and Jakes Famous Crawfish ("McCormick family").

13. At all times relevant to this action, Defendants were authorized to do business and was, in fact, doing business in the State of Missouri.

14. At all relevant times, Defendants were the employers of Plaintiff, and all other similarly situated employees and are thus liable to Plaintiff, and all others similarly situated, as employers, joint employers, single employers and/or otherwise according to statutory and common law.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

15. Plaintiff brings Count I, the FLSA claim for servers as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and of the following class of persons:

> All servers employed by Defendants at one of the McCormick family restaurants within three years from the commencement of this action who have been paid via the tip credit in lieu of full minimum wage.

16. Plaintiff brings her state law claims in Count II (Mo. Rev. Stat. §§ 290.500, *et. seq.*) and Count III (unjust enrichment / quantum meruit) as a class action pursuant to Fed. R. Civ. P. 23. Plaintiff, individually, and behalf of others similarly situated seeks relief on a class basis challenging Defendants' practice of compensating Plaintiff and others similarly situated. The Rule 23 classes are each defined as:

> All servers employed by Defendants at one of the McCormick family restaurants in the state of Missouri within two years of the filing of this action.

17. The class satisfies the numerosity standards in that the class numbers well into the hundreds or thousands. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail as well as notice posted in the restaurant.

18. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

   a. Whether all class members were paid based on the "tip credit";

   b. Whether Defendants were entitled to take a credit against minimum wages for some or all of the hours worked by the class members from class members' tips;

   c. Whether Defendants recorded the amount of time spent performing non-tip-producing activities;

   d. Whether Defendants knew or had reason to know their policies and compensation practices were unlawful, and

   e. Whether Defendants retained a benefit from such unlawful policies and compensation practices.

19. The aforementioned common questions, among others, predominate over any

questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

20. Plaintiff's claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as the Plaintiff and were subject to the same or similar unlawful practices as the Plaintiff.

21. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

22. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Plaintiff acting as Class Representative and her undersigned counsel, who have experience in employment and class action lawsuits.

23. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

5

Case 4:18-cv-00657-BP   Document 1   Filed 08/21/18   Page 5 of 14

24. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

25. Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging Defendants' FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

26. To the extent required by law, notice will be provided to said individuals via first class mail, email and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Brought Against Defendants by Plaintiff Individually
and on Behalf of All Others Similarly Situated)**

27. Plaintiff re-alleges the allegations as set forth above.

28. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

29. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

30. Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and their employees are engaged in commerce.

31. At all relevant times, Defendants have been and continue to be "employers" within the meaning of the FLSA, 29 U.S.C. § 203.

32. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiff and all similarly situated employees.

33. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

34. Plaintiff was employed by Defendants. During this time frame, Plaintiff performed work for Defendants in the position of server.

35. During the statutory period, Plaintiff was paid an hourly wage ranging from $3.65 per hour to $3.93 per hour and received tips.

36. Prior to and during Plaintiff's employment with Defendants, Defendants employed numerous other servers who had the same job duties and compensation structure as Plaintiff.

37. Plaintiff and all similarly situated employees have substantially similar job requirements and pay provisions, and are subject to Defendants' common policy and practice of refusing to correctly pay minimum wages in violation of the FLSA.

38. Plaintiff and all similarly situated employees are not exempt from the right to receive the Federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

39. At all relevant times, Defendants have had a policy and practice of failing to properly pay minimum wages because Defendants have violated the rules for using the tip credit, including that they require servers to improperly share their tips and to spend more than 20

7

percent of their time engaged in non-tip-producing activities. Defendants' failure to properly compensate Plaintiff and all others similarly situated under the tip credit rules constitutes a violation of the Fair Labor Standard's Act minimum wage requirements, 29 U.S.C. §§ 201, *et. seq.*

40. Defendants' violations of the FLSA are continual in nature; in that Defendants continue to pay their servers under the same unlawful policies and procedures that are set forth in detail herein.

41. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

42. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay wages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

43. As a result of the aforesaid violations of the FLSA's tip credit provisions, proper minimum wage has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Plaintiff, and all others similarly situated employees, seek damages in the amount of all respective unpaid minimum wages, plus liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

a. Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

b. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

c. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

d. Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA;

e. Issue a declaration that Defendants have violated state and federal law; and

f. Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT II
### FAILURE TO PAY WAGES PURSUANT TO MO. REV. STAT. §§ 290.500, *et. seq.*
### (Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)

44. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth above as though fully set forth herein.

45. Plaintiff and the putative class were employed by Defendants and were paid wages below Missouri's minimum wage.

46. Plaintiff and the putative class were not properly compensated for this work at the applicable rate of pay.

47. Plaintiff and the putative class were were treated as non-exempt employees by Defendants under the Missouri Wage statutes.

9

48. Defendants employ/employed other employees at their restaurants who are/were paid below Missouri's minimum wage requirements and were treated as non-exempt employees under the Missouri wage statutes. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

49. These "similarly situated" employees were compensated at a rate $3.93 per hour in Missouri, regardless of activity and regardless of the fact they regularly spent more than 20 percent of their time performing non-tip-producing activities.

50. During the pertinent time periods, the proper rate of pay under Missouri wage law ranged from $7.25 to $7.65 per hour.

51. The Missouri wage laws require each covered employer, such as Defendants, to compensate all non-exempt employees for services performed at the proper rate of pay.

52. These employees are similarly situated in that they are all subject to Defendants' identical compensation policies and plan which fails to compensate them full minimum wage for time, including the time they spend engaged in non-tip producing activities that exceed 20 percent of their work.

53. This Petition is brought and maintained as a class action for all state law claims asserted by the Plaintiff because her claims are similar to the claims of the putative class members.

54. The names and addresses of the putative class members are available from Defendants. Defendants failed to compensate Plaintiff and the putative class members at the proper rate of pay, and therefore, Defendants have violated and continue to violate, the Missouri wage laws, Mo. Rev. Stat. §§ 290.500, *et. seq.,* including 8 C.S.R. 30-4.010 and 8 C.S.R. 30-4.020 (2).

55. Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose the putative class, seek damages in the amount of all respective unpaid minimum wages plus liquidated damages, as provided by the Missouri Minimum Wage Maximum Hours Laws, and such other legal and equitable relief as the Court deems just and proper.

56. Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose the putative class, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by Mo. Rev. Stat. §§ 290.500, *et. seq.*

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members of the Rule 23 class apprising them of the pendency of this action;

b. Designation of Plaintiff Morris as Representative Plaintiff, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful under the Missouri Wage Laws, Mo Rev. Stat. §§ 290.500, *et seq.* and an injunction against the same;

d. An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to Plaintiff and the putative class by the Defendants;

f. Costs and expenses of this action incurred herein;

g. Reasonable attorneys' fees and expert fees;

h. Pre-Judgment and Post-Judgment interest, as provided by law; and

11

i. Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT III
### QUANTUM MERUIT/UNJUST ENRICHMENT
### (Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)

57. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth above as though fully set forth herein.

58. Defendants have been and are being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendants have been and are being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

59. Defendants intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendants know or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendants.

60. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members of the Rule 23 class apprising them of the pendency of this action;

b. Designation of Plaintiff Morris as Representative Plaintiff, acting for and on behalf of the putative class members;

12

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of restitution of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiff and the putative class by the Defendants;

f. Costs and expenses of this action incurred herein;

g. Reasonable attorneys' fees and expert fees;

h. Pre-Judgment and Post-Judgment interest, as provided by law; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

*/s/ John J. Ziegelmeyer III*
John J. Ziegelmeyer III    MO No. 59042
1501 Westport Road
Kansas City, Missouri 64111
Tel: 816.875.3332
jziegelmeyer@hkm.com
www.hkm.com

Eric L. Dirks, MO Bar No. 54921
John F. Doyle, MO Bar No. 66626
**WILLIAMS DIRKS DAMERON LLC**
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Tel: 816-945-7165
dirks@williamsdirks.com
jdoyle@williamsdirks.com

Michael Hodgson, MO Bar No. 63677
**THE HODGSON LAW FIRM, LLC**
3699 SW Pryor Rd.
Lee's Summit, Missouri 64082
Tel: 816-600-0117
mike@thehodgsonlawfirm.com

*ATTORNEYS FOR PLAINTIFF AND
THE PUTATIVE COLLECTIVE CLASS*

14